UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

RICHARD O'HARA,                                          Civil No. 05-2321 (MJD/JJG)

        Petitioner,

    v.                                                                        **REPORT AND**
                                                                               **RECOMMENDATION**

MARTY ANDERSON, Warden,

        Respondent.

_____

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.  BACKGROUND

In 2001, Petitioner was convicted in the United States District Court for the Eastern District of Wisconsin, on charges of conspiracy to possess stolen property, and traveling in interstate commerce to commit extortion. He was sentenced to 120 months in federal prison,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

and he is currently serving his sentence at the Federal Medical Center in Rochester, Minnesota.

Petitioner challenged his conviction and sentence in a direct appeal to the Seventh Circuit Court of Appeals, but his claims were denied, and his conviction and sentence were upheld. United States v. O'Hara, 301 F.3d 563 (7th Cir.), cert. denied, 537 U.S. 1049 (2002). Petitioner later challenged his conviction and sentence once again by filing a motion in the trial court under 28 U.S.C. § 2255. Petitioner's § 2255 motion was denied, and his subsequent requests for a Certificate of Appealability were denied by the trial court, the Seventh Circuit, and the Supreme Court. (Petition, [Docket No. 1], p. 2, ¶ 10.)

Petitioner then filed a "Rule 60(b) motion," asking the trial court to reconsider his § 2255 motion. (Id.) The trial court concluded that Petitioner's motion for reconsideration was, in fact, a second or subsequent § 2255 motion, which could not be entertained without pre-authorization from the Court of Appeals. See 28 U.S.C. § 2255 [ ¶ 8 ]. Petitioner appealed that ruling, but the Court of Appeals again upheld the trial court's decision. (Petition, p. 2, ¶ 10.)

Undeterred by his past failures, Petitioner is once again attempting to challenge his criminal conviction and sentence in his present application for habeas corpus relief under 28 U.S.C. § 2241. He claims that he has certain "new evidence" that purportedly shows he did not commit the crimes for which he was convicted. (Petition, p. 4.) Petitioner acknowledges that the new evidence of his "actual innocence" was available when he filed his previous § 2255 motion, and his motion for reconsideration, but such evidence was not actually presented during the course of those proceedings. He contends that the new evidence was

previously withheld "through no fault of Petitioner," (id., p. 5), but because of errors allegedly committed by post-conviction counsel and a "jail-house lawyer" who were supposed to be assisting Petitioner with his § 2255 motion.  (Id., pp. 2-3.)

Petitioner also contends that his convictions should be vacated because his defense lawyer did not provide adequate legal representation during the original trial court proceedings.  He says that he tried to raise this issue as an "ineffective assistance of counsel claim" in his original § 2255 motion, but his claim was "poorly articulated," because (a) his post-conviction counsel was ineffectual, (b) his jail-house lawyer was ineffectual, and (c) he did not have sufficient access to a prison law library.  (Id., p. 17.)

Petitioner is now asking to have his conviction and sentence reviewed anew under 28 U.S.C. § 2241.  He is seeking a writ of habeas corpus that would vacate his conviction and sentence based on the alleged new evidence of his actual innocence, and the alleged ineffective assistance of this trial counsel.

## II.    DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S.Ct. 2984 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his federal criminal conviction and sentence. Indeed, he is specifically asking for an order that would vacate his conviction and sentence, and cause him to be "immediately release[d]" from custody. (Petition, p. 22.) Therefore, the present petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already

4

sought such relief once before.  Any new request for § 2255 relief that might now come before

the trial court would have to be treated as a "second or successive" § 2255 motion, which,

under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained

by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where

Petitioner was convicted.  28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[2]

Without a pre-authorization order from the appropriate circuit court, a trial court cannot

--------

[2]  According to the final paragraph of 28 U.S.C. § 2255:

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

"(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

exercise jurisdiction over a second or successive § 2255 motion. <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996); <u>see</u> <u>also</u> <u>Boykin v. United States</u>, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Seventh Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. <u>Id</u>. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it is clear that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute, based on his belief that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his conviction. He contends that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his conviction and sentence in a habeas proceeding, because he is not presently eligible for relief under § 2255, and because he allegedly has some "new evidence" that will prove his "actual innocence." The Court rejects this argument.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become

6

"inadequate or ineffective," and that he should therefore be allowed to bring his claims in a §

2241 habeas corpus petition.  Congress could not have intended for the rules governing

successive § 2255 motions, and the statute of limitations, to be so easily evaded.  Thus, the

Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as

inadequate or ineffective "merely because § 2255 relief has already been denied,... or

because petitioner has been denied permission to file a second or successive § 2255

motion... or because a second or successive § 2255 motion has been dismissed, ... or

because petitioner has allowed the one year statute of limitations and/or grace period to

expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).  See

also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under

§ 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah,

392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was

previously raised in a § 2255 motion and denied, or because a remedy under that section is

time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-

62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of

the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).[3]

---

[3] Similar decisions have been reached in other circuit courts that have considered this subject.  See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). In other words, "§ 2255 is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, and in his prior § 2255 motion. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

Petitioner has attempted to overcome the § 2255 exclusive remedy rule by arguing that he is "actually innocent" of the crimes for which he was convicted and the sentence he received. That argument, however, is foreclosed by Abdullah. In that case, the Court of Appeals made it abundantly clear that an actual innocence argument, by itself, does not automatically invoke the § 2255 savings clause. An actual innocence argument can be raised

---

inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

8

in a § 2241 habeas petition only if the petitioner had never had a prior opportunity to raise that argument. Abdullah, 392 F.3d at 960 ("§ 2255 was not inadequate or ineffective to raise Abdullah's claim because... regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim").[4]

Here, as in Abdullah, Petitioner had an opportunity to present his actual innocence arguments on direct appeal, and in his § 2255 motion. Petitioner contends that he was not able to take advantage of those opportunities, because of bad attorneys, a problematic relationship with his jailhouse lawyer, inadequate library time, and other reasons unrelated to the adequacy of § 2255 itself. However, none of those excuses alters the fact that the remedy provided by § 2255 was available to Petitioner, and that the § 2255 remedy could have been used to present the same claims that he is attempting to present here. The evidence that Petitioner now seeks to introduce was available to him "before trial," (Petition, p. 20), and the

---

[4] Petitioner's repeated references to Dretke v. Haley, 541 U.S. 386 (2004), suggests a misunderstanding of the meaning and role of the term "actual innocence" in federal habeas corpus jurisprudence. In habeas proceedings, the term "actual innocence" is not a magical incantation that requires a federal court to accept any habeas corpus claim that a prisoner might bring, regardless of the nature of the claim and the procedural history of the case. Rather, the term "actual innocence" comes into play when a prisoner is attempting to raise a claim that would otherwise be barred under the doctrine of procedural default – i.e., a claim that is being raised for the first time in a § 2255 motion, which could have been raised on direct appeal. A prisoner may be able to overcome a procedural default if he can show, "by clear and convincing evidence," that the outcome of his case would have would have been different if such evidence had been presented during the original trial court proceedings. Id. at 393. The instant petition, however, is not barred by the court-created doctrine of procedural default; it is barred by the exclusive remedy rule set forth in the sixth paragraph of § 2255. The issue here is not whether Petitioner can be excused from a procedural default; the issue is whether he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." Therefore, cases such as Dretke, which discuss how a procedural default can sometimes be overcome by proof of actual innocence, are not directly relevant here.

legal arguments on which his current claims are based were available to him before he filed his § 2255 motion. Thus, the Court concludes that the remedy provided by § 2255 was entirely adequate for Petitioner's present claims, but he just did not take full advantage of that remedy.

As the Court of Appeals pointed out in <u>Abdullah</u> –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).

Because the remedy provided by § 2255 afforded Petitioner a suitable opportunity to raise his current claims for relief, the savings clause does not apply here. Petitioner is therefore barred from bringing those claims in a § 2241 habeas corpus petition.

## III.   CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his criminal conviction and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations, and (4) neither Petitioner's present inability to seek relief under § 2255, nor his claims of "actual innocence," cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus

petition cannot be entertained here, and that this action should be summarily dismissed for lack of jurisdiction. <u>See</u> <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); <u>Abdullah</u>, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.


Dated: October 24, 2005

s/Jeanne J. Graham

_____
JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by <u>November 10, 2005</u>. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.